**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-6006**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN TYRONE YOUNG, a/k/a Too Short,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-96-243, CA-98-1009-1)

———————

Submitted:  March 9, 2000        Decided:  March 16, 2000

———————

Before WILKINS, TRAXLER, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Calvin Tyrone Young, Appellant Pro Se.  Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Calvin Tyrone Young seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). We dismiss the appeal for lack of jurisdiction because Young's notice of appeal was not timely filed.

Where the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(b)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 2, 1999.[*] Young's notice of appeal was filed on December 8, 1999. Because Young failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with

---

[*] Although the district court's order is marked as "filed" on July 30, 1999, the district court's records show that it was entered on the docket sheet on August 2, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED